## Hart vs. Hampton.

Error to the Clarke Circuit; GEO. SHANNON, Judge.

*Sheriff's sales. Deceit. Sales.*

Chief Justice BIBB delivered the Opinion of the Court.

CASE.

Case 80.

June 17.

THE declaration alleges, that the sheriff having an execution against the defendants, George and Jesse Hampton, was directed by the defendants to levy on sundry slaves, which the sheriff did accordingly; that at the sheriff's sale, the plaintiff, Hart, bid for and purchased one of the slaves for a sound price; that the plaintiff bid under the belief that the slave was sound, and became the best bidder, and gave his bond to the sheriff for the price of $225, as required by law, that the slave was unsound and diseased of the asthma, which rendered him of no value; that the defendants were present at the sheriff's sale, knew of the unsoundness, and did not disclose it, but concealed it.

Defendant in an execution is not responsible for not disclosing at the sale, diseases of his slaves, or other defect in the property exposed to sale; he is not vendor.

The defendants demurred. The court sustained the demurrer.

We perceive no principle of law by which the defendants can be charged in an action of deceit, for being silent at a sheriff's sale of their property. They are not the vendors, but the sheriff; he proceeds by the precept of the law; he was acting upon the defendants, as the law supposes, against their will, and in obedience to his duty imposed by law. The law authorizes him to seize and sell the property of the defendant in the execution, such as it is. The declaration alleges nothing against the defendants at the sale, but that they were silently and passively obedient to the process of the law.

Judgment affirmed, with costs.

*Hanson* for plaintiff; *Simpson* for defendant.